BFSNG Law Group, LLP
Gaurav Mankotia, Esq.
6851 Jericho Turnpike, Suite 250
Syosset, New York 11791
Tel: (516) 747-1136
gmankotia@bfslawfirm.com
Attorneys for Michael Polacco

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re:                                                                                      Chapter 7

                                                                                            Case No. 8-26-70573-las

PAUL HAMILTON FRIED


                                                    Debtor.

-----------------------------------------------------------------x

MICHAEL POLACCO,


                                      Plaintiff,


               -against-                                                       Adv. Pro. No.

PAUL HAMILTON FRIED,


                                      Defendant.

-----------------------------------------------------------------X


## COMPLAINT

This is an adversary proceeding seeking to determine that the debt due and owing by Paul Hamilton Fried, the debtor/defendant (the "Debtor" and/or the "Defendant") to Michael Polacco (the "Plaintiff" and/or the "Creditor") is in the nature of a debt that cannot be discharged pursuant to section 523 and section 727(a)(4)(D) of title 11 of the United States Code (the "Bankruptcy Code").

## JURISDICTION AND VENUE

1. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(1) and 1334.

2. This adversary proceeding relates to the case captioned herein now pending before this Court.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

4. The statutory predicate for the relief sought herein is section 523 of the Bankruptcy Code.

## THE PARTIES

5. The Plaintiff is Michael Polacco, is a natural person and resides in New York, New York.

6. The Defendant is Paul Hamilton Fried, is a natural person with an address for service of process of 137 Stephen Hands Path, East Hampton, New York 11937.

## FACTUAL AND PROCEDURAL BACKGROUND

7. Starting in or about 2002, Plaintiff and Defendant were 50/50 partners in a business in which they purchased, managed and sold properties, including the properties (the "North Magee Property" and the "Williamstown Property").

8. The North Magee Property is located at 518 and 520 North Magee, Southampton, New York 11968 and was acquired in or about 2003.

9. The Williamstown Property is located at 401 Petersburg Road, Williamstown, Massachusetts 01267 and was acquired in or about 2003.

10.    The terms of the partnership were that (a) Plaintiff completely financed the purchase of the properties and Defendant provided the "sweat equity;" (b) Plaintiff was to be paid 5% interest on the money loaned to the partnership to acquire and develop the properties; and (c) after a property was sold and all expenses related to the property were paid, including reimbursement of the funds loaned by Plaintiff to acquire and develop the property with interest, only then would the partners split any profits or losses 50/50.

11.    In 2009, Defendant began experiencing financial issues and was diagnosed with Lyme disease.

12.    Thereafter, as a favor to his friend, Plaintiff agreed to take over all of Defendant's "sweat equity" duties on the North McGee Property and the Williamstown Property which Plaintiff did starting in or around 2010.

13.    In 2015, Plaintiff caught Defendant renting out the Williamstown Property without sharing the rental income and under-reporting the rental income so that Defendant could pocket the difference. Defendant also did not repay loans Plaintiff made to him or share in any partnership profits from the last remaining property of the partnership managed by Defendant (the "Lincoln Street Property").

14.    The 50/50 partnership split was confirmed in writing by way of a 2017 mutually signed agreement, sworn depositions of both Defendant and Plaintiff, and a mutually signed stipulation before an arbitration hearing between Defendant and Plaintiff.

15.    Further, after years of not paying the mortgage, Defendant, through unknown means, was granted a mortgage discharge on another partnership property (the "Lincoln Street Property") but failed to inform Plaintiff. He also took out a loan, behind Plaintiff's back in the

3

middle of an attachment hearing, on the Lincoln Street Property, and used all of the loan money to "live off."

16.    As a result, Plaintiff sued Defendant, and which eventually became an arbitration. An arbitration hearing took place on May 15, 2018, May 16, 2018 and June 6, 2018. In Defendant's post arbitration hearing memorandum, he sought a declaratory judgment that the proceeds of any sale of the North Magee Property and Williamstown Property be split equal between the parties after accounting for "ordinary and customary closing expenses."

17.    The arbitration award as a result of those hearings (the "Arbitration Award") was issued on September 26, 2018 and stated that "consistent with their prior arrangement, Polacco is entitled to recover principal and 5% interest on the sums that he has invested in or expended on [the Williamstown Property and the North Magee Property] in the same manner as he has been reimbursed with respect to other properties."

18.    The Arbitration Award further stated that Plaintiff and Defendant would share any profits or liabilities 50/50 "after accounting for Polacco's investment and expenses and interest thereon at the rate of 5% per annum."

19.    The Williamstown Property was sold in August 2018 and the North Magee Property was sold in December 2018.

20.    Defendant demanded an accounting of the North Magee Property and the Williamstown Property.

21.    The partnership accountant, Ralph Grieco CPA, developed the requested accounting which was duly delivered to Defendant.

22.    Per the aforementioned accounting, Plaintiff paid a total of $666,408.79 for investments relating to the Williamstown Property from 2003 until its sale in August 2018. Per the

partnership agreement, he is owed 5% interest on that amount, which at the date of the sale was $409,861.27. As such, per the accounting, the total amount of investment plus interest for the Williamstown Property was $1,076,270.06. 22. After subtracting the sale proceeds of $198,831.35 and the account balance of $22,729.00 from that number, Plaintiff is owed a total of $854,709.71 on the Williamstown Property.

23. Also per the aforementioned accounting Plaintiff paid a total of $568,373.25 for investments relating to the North Magee Property from 2003 until its sale in December 2018. Per the partnership agreement, he is owed 5% interest on that amount, which at the date of sale was $346,677.92. As such, per the accounting, the total amount of Plaintiff's investment plus interest for the North Magee Property was $915,051.17.

24. After subtracting the sale proceeds of $575,590.00 from that number, Plaintiff is owed a total of $339,461.17 on the North Magee Property.

25. Therefore, in total Plaintiff is owed $1,193,170.80 for investment payments he made towards the North Magee Property and Williamstown Property, 50% of which is owed by Defendant.

Procedural Background

26. The Debtor has filed multiple recent bankruptcy petitions, all of which were dismissed or remain pending due to the Debtor's failure to comply with basic filing requirements. The first petition was filed by the Debtor under case number 8-25-72676-las, on July 11, 2025. The Debtor's Chapter 13 case was dismissed upon application of the Trustee, for failure to submit monthly pre-confirmation payments, failure to provide and/or file documents, and failure to appear at the §341 meeting of creditors, on September 26, 2025.

27.    The second petition was filed pro se by the Debtor under case number 8-25-74587-las, on November 26, 2025. The Debtor's Chapter 13 case was automatically dismissed by the court, for failure to file documents, on January 14, 2026.

28.    This current petition was filed pro se by the Debtor under case number 8-26-70573-las, on February 9, 2026. The Debtor commenced the present case through a bare-bones petition and has failed to file the required documents.

29.    On April 8, 2026, the case was converted from Chapter 13 to Chapter 7.

30.    On April 8, 2026, Allan B. Mandelsohn was appointed as the Chapter 7 Trustee.

31.    While the current petition was still pending, Debtor filed another petition pro se under case number 8-26-70920-las, on March 6, 2026, which was dismissed on March 17, 2026.

State Court Action

32.    Prior to the filing of the Debtor's bankruptcy petition, on or about November 19, 2019, Movant commenced an action against Debtor in the Supreme Court of the State of New York, County of New York (the "State Court Action"), under Index No. 656887/2019, titled *Michael Polacco v. Paul Fried*. That action remains pending and has been stayed by operation of the Debtor's bankruptcy filing, as reflected by Notices of Bankruptcy filed in the State Court on July 14, 2025 and November 28, 2025.

33.    The State Court Action is based upon an arbitration award issued on September 26, 2018, which determined that Plaintiff is entitled to reimbursement of his investment contributions plus interest arising from the parties' real estate partnership, and seeks recovery of, inter alia, $596,585.40, together with interest, costs, and related relief. Copy of the Final Arbitration Award is annexed herewith as **Exhibit "A".**

**AS AND FOR A FIRST CAUSE OF ACTION FOR RELIEF**
**NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

34.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 as if each were more fully set forth herein.

35.     Section 523(a)(2)(A) of the Bankruptcy Code provides, in pertinent part, that a debt for money, property, services, shall be excepted from discharge to the extent obtained by false pretenses, a false representation, or actual fraud.

36.     The Defendant owes a debt to the Plaintiff arising out of the parties' partnership, the Final Arbitration Award dated September 26, 2018, and the Defendant's wrongful retention and diversion of partnership assets.

37.     As set forth herein, the Defendant engaged in a deliberate scheme to conceal partnership income, misappropriate partnership assets, secretly encumber partnership property, and divert partnership funds for his own personal benefit while intentionally concealing those actions from Plaintiff.

38.     The Defendant obtained and retained partnership funds belonging to Plaintiff through false pretenses, false representations, fraudulent omissions, and actual fraud, including concealing rental income, failing to disclose the mortgage discharge and loan obtained against partnership property, and refusing to account for partnership proceeds.

39.     Plaintiff reasonably relied upon Defendant, his equal business partner, to honestly manage partnership affairs, accurately account for partnership assets, and disclose material transactions affecting partnership property.

40.     Defendant's fraudulent conduct directly and proximately caused Plaintiff to suffer substantial monetary damages, including the debt determined by the Arbitration Award and the subsequent partnership accounting.

41.     By virtue of the foregoing, the debt owed by Defendant to Plaintiff must be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

**AS AND FOR A SECOND CAUSE OF ACTION FOR RELIEF**
**NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(4)**

42.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 as if each were more fully set forth herein.

43.     Section 523(a)(4) of the Bankruptcy Code provides, in pertinent part, that a debt arising from fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny shall be excepted from discharge.

44.     As equal partners in the ownership, management, development, and sale of partnership real estate, Defendant owed Plaintiff fiduciary duties of loyalty, honesty, disclosure, and accountability.

45.     Defendant breached those fiduciary duties by, among other things:

a. concealing and retaining partnership rental income;

b. failing to disclose material financial transactions affecting partnership property;

c. secretly obtaining financing secured by partnership property for his own benefit;

d. converting partnership assets for his own personal use;

e. refusing to reimburse Plaintiff in accordance with the parties' partnership agreement and the Final Arbitration Award; and

f. refusing to provide a full and honest accounting of partnership assets.

46.     Defendant intentionally appropriated and retained partnership funds belonging to Plaintiff without authorization and with the intent to permanently deprive Plaintiff of those funds.

47.    Defendant's conduct constitutes fraud or defalcation while acting in a fiduciary capacity and further constitutes embezzlement and/or larceny within the meaning of 11 U.S.C. § 523(a)(4).

48.    By virtue of the foregoing, the debt owed by Defendant to Plaintiff must be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).

**AS AND FOR A THIRD CAUSE OF ACTION FOR RELIEF**
**NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(6)**

49.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 as if each were more fully set forth herein.

50.    Section 523(a)(6) of the Bankruptcy Code provides, in pertinent part, that a debt arising from a willful and malicious injury by the debtor to another entity or to the property of another entity shall be excepted from discharge.

51.    As set forth herein, Defendant intentionally concealed partnership assets, diverted partnership income, misappropriated partnership property, and retained funds belonging to Plaintiff, knowing that such conduct would cause financial injury to Plaintiff.

52.    Each time Defendant concealed rental income, failed to disclose material partnership transactions, obtained financing against partnership property without Plaintiff's knowledge, and retained partnership proceeds for his own benefit, Defendant acted willfully and maliciously to injure Plaintiff.

53.    Defendant intentionally disregarded both the parties' partnership agreement and the Final Arbitration Award by refusing to reimburse Plaintiff for partnership investments and interest while knowingly retaining funds belonging to Plaintiff.

54.     Defendant purposefully, intentionally, willfully, and maliciously injured Plaintiff and Plaintiff's property interests, knowing and intending that Plaintiff would suffer substantial financial harm.

55.     By virtue of the foregoing, the debt owed by Defendant to Plaintiff must be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

**AS AND FOR A THIRD CAUSE OF ACTION FOR RELIEF**
**OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)**

56.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 55 as though fully set forth herein.

57.     Section 727(a)(4)(D) of the Bankruptcy Code provides that a debtor shall be denied a discharge where the debtor "knowingly and fraudulently" "withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs."

58.     On April 8, 2026, this Court entered an Order converting the Debtor's Chapter 13 case to a case under Chapter 7 after finding that conversion was in the best interests of creditors and the bankruptcy estate based upon, among other things, the Debtor's repeated bankruptcy filings, the pending motion to dismiss the Chapter 13 case with prejudice, and the Debtor's failure to timely file a Chapter 13 plan.

59.     Upon conversion, Allan B. Mendelsohn was appointed as the Chapter 7 Trustee.

60.     Upon information and belief, the Debtor repeatedly failed to appear at duly scheduled meetings of creditors conducted pursuant to 11 U.S.C. § 341 and failed to file the complete bankruptcy schedules and a Statement of Financial Affairs and also failed to provide the

10

Chapter 7 Trustee with the books, records, documents, and financial information necessary for the Trustee to investigate the Debtor's financial affairs and administer the Estate.

61.  By reason of the foregoing, the Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4)(D)

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an Order denying the discharge of the debt owed to the Plaintiff by the Defendant pursuant to sections 523(a)(2)(A); 523(a)(4); 523(a)(6) and 727(a)(4)(D) of the Bankruptcy Code.

Dated: Syosset, New York
        July 13, 2026                          BFSNG LAW GROUP, L.L.P.
                                               Attorneys for Michael Polacco


                                    By:    /s/ Gaurav Mankotia
                                           Gaurav Mankotia, Esq.
                                           6851 Jericho Turnpike, Suite 250
                                           Syosset, New York 11791
                                           Tel: (516) 747-1136
                                           gmankotia@bfslawfirm.com