**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

In re:

                                        Chapter 7

Paul Hamilton Fried                      Case No. 8-26-70573-las
                 Debtor.

_____

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND PROSPECTIVE IN REM RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4) A

NewRez LLC as servicer for CHEVY CHASE FUNDING LLC, MORTGAGE-BACKED CERTIFICATES, SERIES 2005-4, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE ("Movant"), by and through the undersigned counsel, hereby moves this Court for relief from the automatic stay and for a modification of the automatic stay provisions for cause pursuant to U.S.C. §362 (d)(l) with prospective in rem relief from the automatic stay imposed in subsequent cases pursuant to 11 U.S.C. § 362(d)(4) , and, in support thereof, states the following:

1. Debtor, Paul Hamilton Fried ("Debtor"), filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on February 09, 2026, which was later converted to a Chapter 7 on April 08, 2026.   The bankruptcy filing commenced the above-captioned case and invoked the stay provisions of the Bankruptcy Code section 362(a).

2. On July 5, 2005, debtor, Paul Fried (the "Debtor") executed and delivered a Note ("Note") along with a Mortgage ("Mortgage") securing payment in the amount of $715,000.00 to Chevy Chase Bank, F.S.B. ("Mortgage"). Copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as **Exhibit "A."**

3.  Movant is the holder of the Note, and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Movant directly or through an agent

has possession of the Note and the Note is either made payable to Movant or has been duly endorsed.

4. The terms of the aforementioned Note and Mortgage have been in default, and remain in default since October 1, 2019, with arrears in the amount of $216,417.47 as of June 24, 2026. A copy of the reinstatement quote is attached hereto as **Exhibit "B".**

5. A copy of Movant's statements regarding to indebtedness and default (Relief from Stay Worksheet and a Supplemental Declaration in Support of Motion for Relief from Automatic Stay) is attached hereto as **Exhibit "C".**

6. As per the Movant's Supplemental Declaration in Support of Motion for Relief from Automatic Stay, the total amount due is $939,192.01 as of June 24, 2026. The unpaid principal amount due as of June 24, 2026, is $683,006.60.

7. The estimated market value of the Property is $2,795,000.00. The basis for such valuation is  Debtor's schedule D**.**

8. NewRez LLC services the underlying mortgage loan and note for the property referenced in this motion for Movant.  In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note.  The Note is endorsed into Movant.  Movant is the beneficiary or the assignee of the Mortgage.

9. There have now been four (4) bankruptcy cases filed between debtor that invoked the automatic stay with respect to the Property. All of those cases were filed after the Judgment of Foreclosure and Sale was entered and timed so that a scheduled foreclosure sale was either cancelled or voided.

**The Foreclosure Action**

10. Following the Debtor's default on the Loan Documents, Movant, commenced a foreclosure action against the Debtor by filing a Complaint in the Suffolk County, New York and was assigned Case Number 614239/2022 (the "Foreclosure Action").

11. On or about April 02, 2025, Movant obtained a Final Foreclosure Judgment for $838,363.20 ("Judgement") plus fee and costs. A copy of the Judgment of Foreclosure and Sale is attached hereto as **Exhibit "D".**

12. The first foreclosure sale was scheduled for July 16, 2025, and the first Bankruptcy case that impacted the Property was filed on July 11, 2026. These cases are discussed below, and a table of the cases filed is attached hereto as **Exhibit "E".**

**The First Bankruptcy Case (8-25-72676-las)**

13. On July 11, 2025, Paul Fried filed a petition under Chapter 13 of the Bankruptcy Code (8-25-72676-las).

14. On September 26, 2025, the case was dismissed (Docket Entry #15).

15. Movant proceeded with the foreclosure action and set a foreclosure sale date of December 3, 2025.

**The Second Bankruptcy Case (8-25-74587-las)**

16. On November 26, 2025, Paul Hamilton Fried filed a petition under Chapter 13 of the Bankruptcy Code (Case No. 8-25-74587-las).

17. On January 14, 2026, the case was dismissed (Docket Entry #16).

**The Third Bankruptcy Case (Current)(8-26-70573-las)**

18. On February 09, 2026, Debtor Paul Hamilton Fried filed a petition under Chapter 13 of the Bankruptcy Code which was later converted to a Chapter 7(Case No. 8-26-70573-las).

**The Forth Bankruptcy Case (8-26-70920-las)**

19. On March 6, 2026, Debtor Paul Hamilton Fried filed a petition under Chapter 13 of the Bankruptcy Code (Case No. 8-26-70920-las).

20. On March 17, 2026, the case was dismissed (Docket Entry #11).

21. The instant bankruptcy case 8-26-70573-las was active when the Debtor filed the fourth bankruptcy case (8-26-70920-las) on March 06, 2026 which further supports the pattern and intent to delay, defraud or hinder Movant's efforts to foreclose on its mortgage. Copies of the Foreclosure Sale Notices is attached hereto as **Exhibit "F".**

## THE AUTOMATIC STAY SHOULD BE VACATED WITH PROSPECTIVE IN REM RELIEF

30. 11 U.S.C. § 362(d) provides in pertinent part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

(1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2)     with respect to a stay of an act against property under subsection (a) of this section if:

(A)     the debtor does not have an equity in such property; and

(B)     such property is not necessary to an effective reorganization.

31. Furthermore, pursuant to Section 362(d)(4) of the Bankruptcy Code, the court shall grant in rem relief from the automatic stay, "if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either – (a) transfer of all or

part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or (b) multiple bankruptcy filings affecting such real property.

32. As a result of the foregoing, it is evident that the repeated filings on the eve of scheduled foreclosure sale by the Debtor are part of a scheme to delay, defraud or hinder the Movant from proceeding with its rights including proceeding with its Foreclosure Action and/or conducting a referee's sale of the Property.

33. 11 U.S.C. § 362(d)(1) is applicable to applications to lift the automatic stay for cause. The party seeking relief from the automatic stay has the initial burden of establishing "cause." *In re Mazzeo,* 167 F.3d 139, 142 (2d Cir. 1999); *In re Godt*, 282 B.R. 577, 584 (E.D.N.Y. 2002). Once the movant establishes a *prima facie* case of cause to lift the stay, the burden shifts to the debtor. *Id.*

34. As set forth above, cause exists to vacate the automatic stay as the mortgage on the Property now purportedly owned by the Debtor is in default under the terms and provisions of the Loan Documents, by, among other things, failing to make monthly mortgage payments to Movant. Under 11 U.S.C. § 362(d)(1), failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay. *See In re Taylor*, 151 B.R. 646 (E.D.N.Y.1993); *In re Davis*, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986); *In re Frascatore*, 33 B.R. 687 (Bankr. E.D. Pa. 1983).

35. Based upon the above, it is evident that relief from the automatic stay is appropriate in this case. Moreover, it is clear that the Debtor has filed these successive bankruptcy petitions solely for the purpose of delay. Their conduct, including filing multiple bankruptcy petitions for the sole purpose of delay, suggests bad faith and abuse of the Bankruptcy Code.

36. As a result, cause exists under Sections 362(d)(1) and (d)(4) of the Bankruptcy Code for the entry of an order granting the Movant relief from the automatic stay with *in rem* relief as to any future bankruptcy petition filed which would affect the Property, such that any future filing shall not affect the Movant's right to proceed with the Foreclosure Action and any subsequent proceedings for possession of the Property. Additionally, a waiver of the 14-day stay of the resulting Order as set forth in Rule 4001(a)(4) is appropriate in this case as there is no justification to further delay the Movant based upon the bad faith filings of the Debtor.

37. Movant will incur costs in the amount of $199.00 (filing fee) and attorney fees in the amount of $1,225.00, in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the Mortgage. Movant seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

38. Movant hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under 11 U.S.C. § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

**WHEREFORE**, the Movant respectfully request that this court enter an Order vacating the automatic stay pursuant to U.S.C. §§ 362 (d)(l), and 105(a) with in rem relief pursuant to Section 362(d)(4) as to the Movant's interest in the real property located at 133 Stephens Hand Path, East Hampton, New York, 11973 for a period of two years, with a waiver of the 14-day stay of the resulting Order as set forth in Rule 4001(a)(4) together with such other, further and different relief as this Court deems just and proper.

DATED:    July 22, 2026

New York, New York

**HILL WALLACK LLP**

By: */s/ Aleksandra K. Fugate*
    Aleksandra K. Fugate, Esq.
    Hill Wallack LLP
    Attorneys for Secured Creditor
    261 Madison Avenue, 9th Floor
    New York, NY 10016
    Email: afugate@hillwallack.com
    Phone: (929) 295-7874